995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randal N. WIIDEMAN, Plaintiff-Appellant,
v.
Tom McNEVIN, Defendant-Appellee.
 No. 92-16798.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randal Wiideman, a Nevada state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action against correctional officer Tom McNevin. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 490 U.S. 937 (1990), and we affirm.
 
 
 3
 Wiideman filed a civil rights complaint alleging McNevin violated Wiideman's 14th Amendment due process rights by deliberately destroying certain handicraft items in Wiideman's possession following Wiideman's transfer from Ely State Prison to Nevada State Prison. Both Wiideman and McNevin moved for summary judgment. The district court denied Wiideman's motion and granted McNevin's motion, finding that Wiideman cannot maintain a section 1983 action for violation of due process rights because Nevada provides adequate post-deprivation remedies.
 
 
 4
 On appeal, Wiideman contends the district court erred by granting summary judgment because there is no state remedy available. This contention lacks merit.
 
 
 5
 A state employee's intentional destruction of an individual's property does not violate the due process clause of the 14th Amendment if adequate post-deprivation remedies are available under state law. Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 6
 Here, Wiideman's complaint and motion for summary judgment alleged that McNevin destroyed Wiideman's "approved handicraft" items in violation of Wiideman's due process rights. Wiideman contends such property was deemed authorized material at Ely State Prison and should not have been destroyed upon his arrival at Nevada State Prison.
 
 
 7
 The State of Nevada has waived its sovereign immunity from liability and has consented to suit in the Nevada state courts. Nev.Rev.Stat. § 41.031. A plaintiff may file a small claims action in Nevada's justice courts for claims amounting to $2,500 or less. Nev.Rev.Stat. § 73.010. Thus, Nevada provides a statutory remedy for Wiideman. Accordingly, Wiideman's remedy lies in a tort action filed in state court, not in a civil rights action filed in federal court.[1] See Hudson, 468 U.S. at 533.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Wiideman's handicraft items were unauthorized property destroyed pursuant to prison regulations, the destruction of such property did not violate Wiideman's due process rights. "[P]rison officials have broad administrative and discretionary authority over the institutions they manage." Hewitt v. Helms, 459 U.S. 460, 467 (1983). Prison policies that infringe on inmates' constitutional rights are valid if they are reasonably related to a legitimate penological goal. Turner v. Safley, 482 U.S. 78, 89 (1987). Here, Nevada Department of Prisons ("NDOP") policies limit the amount of personal property an inmate may keep and prohibit an inmate from keeping unauthorized property. See NDOP I.B. # 91-49, Admin.Reg. 711. NDOP's policy is reasonably related to the need to maintain the health, sanitation, and security of the prison. Thus, any destruction of unauthorized property did not violate Wiideman's due process rights. See Turner, 482 U.S. at 89